IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEILA K. WATKINS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:23-CV-91-ECM-KFP |
| ) | |
| MONTGOMERY COUNTY DHR, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The stay on service in this case was lifted on June 30, 2023, but the docket reflects that Montgomery County DHR, Lauren Mann, Robert Downs, Latasha Shunta Thomas Grady, and Jefferson County DHR have not been served with the Summons and Complaint. It also reflects that Johnmichael Adam Grinfield, Ashlee Quick, Kala Skinner, and Grandview Medical Center have been served with the Summons and Complaint.

On October 11, 2023, the Court issued an Order giving Plaintiff a deadline of October 25, 2023, to show cause why the claims against the unserved Defendants should not be dismissed for failure to perfect service within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure and to file proof of service showing that service on the served Defendants complied with Rules 4(e) and 4(h). The Order also warned that a failure to comply may result in a recommendation of dismissal. To date, Plaintiff has failed to comply.

The authority of courts to impose sanctions for failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo, 864 F.2d at 102.*

Because Plaintiff has failed to serve certain Defendants and failed to respond to the Court's order regarding service on the remaining Defendants, the undersigned RECOMMENDS that this case be dismissed without prejudice for Plaintiff's failure to prosecute and obey court orders.

Further, it is ORDERED that by **November 20, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except upon grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3–1.

    Done this 6th day of November, 2023.

                                             /s/ Kelly Fitzgerald Pate
                                             KELLY FITZGERALD PATE
                                             UNITED STATES MAGISTRATE JUDGE